■ In the Matter of the Claim of MARIA HRYNKIW, Respondent, v. DAVIS & LYON et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— HERLIHY, J. This is an appeal from a decision of the Workmen's Compensation Board in favor of claimant in an unwitnessed death claim. The decedent, 35 years old, on July 9, 1962 was working as a painter in the construction of a new home. He was working alone but his employer visited him about 11:45 in the forenoon and stated that the decedent was working along the cellar stairway, standing on the stairs, and appeared to be perfectly normal. Shortly after noontime he was found in the living room of the home, lying on his stomach, his arms and hands pointing toward his feet, his head turned right, the left side of his face resting on the floor, a pool of blood under his mouth. His open lunchbox was nearby and an exhaust fan was on the floor nearby and exhibited blood, from which it was inferred that the facial lacerations causing the blood were incurred when the decedent fell. The board, after noting that there was " a little pool of blood under the [decedent's] mouth " and that the cause of death, as determined on the autopsy, was asphyxiation, found " in the absence of substantial evidence to the contrary, that the fall was not induced by any pre-existing pathological disorder but was accidental and arose out of and in the course of employment ". It is apparent from the language used " absence of substantial evidence to the contrary ", that the board as to this finding was relying upon the presumption under section 21 of the Workmen's Compensation Law in determining (1) that decedent's fall was not induced by idiopathic causes and (2) that after he fell and as he lay on the floor, having sustained facial lacerations as he fell, he died by asphyxiation due to the obstruction of his nasal passages by a pool of blood which had gathered around his nose. We think that the record as a whole is to the contrary and that there is substantial evidence to overcome the presumption, assuming it is applicable, and to establish

that there was no evidence of an industrial accident. Dr. Murphy, the only medical witness for the claimant, testified that he was called to the scene and observed the decedent on the floor, the position of his arms, that the left side of his mouth and nostril was probably against the floor and in his blood but that the right side of each was off the floor and above the blood. He disclaimed any knowledge of the decedent's breathing passages being obstructed by blood, except that there was a "possibility", and stated he based his report of death due to asphyxia on the autopsy report. In sum, the claimant's medical proof disclosed that death was not due to the fall or striking the floor, that externally the only cause for asphyxia "was the possibility of obstruction of air passage by blood" but that the report of death by asphyxia was based solely on the autopsy report, which stated "there [was] no blood within the larynx or the trachea". The medical testimony of the carrier was by Dr. Kelly and Dr. Roemmelt. Dr. Kelly performed the autopsy. He stated that death was due to asphyxiation but was unable to give the cause thereof except that the fall itself and striking the floor was not the reason and that there was no evidence "supporting a traumatic death". He further expressed the opinion that one cause of the death that would not be evident from the autopsy would be ventricular fibrillation, which he explained as to the decedent would be failure of the left ventricle in pumping out blood returning from the lungs. Dr. Roemmelt, heart specialist, testified that the fall and striking the floor had nothing to do with the death of the decedent; that the asphyxiation was not due to the blood on the floor as such condition would have been evident upon the examination of the larynx and the thorax, and that in any event the right nostril would have functioned. Based upon the autopsy report, he expressed convincing medical reasons and conclusions why, in his opinion, asphyxiation was due to ventricular fibrillation. If the board, in its decision, relied upon the presumption, it must be reversed because there is no medical testimony that establishes an industrial accident and the presumption cannot be used as a substitute for evidence. (See *Matter of McCormack* v. *National City Bank,* 303 N. Y. 5.) There is no evidence in the record to establish that the decedent's fall was an accident and there is no "added risk", such as stairs, ladders, et cetera, which could be a physical circumstance for causing the fall. Assuming that his death was from a heart condition, there is no evidence of unusual exertion. The medical testimony is substantial that the fall and death were caused by ventricular fibrillation and it stands, without dispute, that the fall itself and resulting striking of the head on the floor did not cause or contribute to the death. There is substantial evidence that the fall was not accidental. Likewise, the board's finding that the pool of blood "caused decedent's air passages to become obstructed and resulted in his death by asphyxiation" is not sustained in the record. While the claimant's doctor did state there was such a "possibility", a review of his testimony in its entirety does not sustain that "possibility", particularly when his report and testimony as to the cause of death are premised on the autopsy report. All of the testimony, based upon the autopsy report, contradicts that the blood was the cause of the asphyxiation. Decision reversed and claim dismissed, without costs. Gibson, P. J., Reynolds, Taylor and Hamm, JJ., concur.